**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos MEJILLA–HERNANDEZ, also
known as Clovis Andres Reyes,
Defendant–Appellant.**

**No. 04–20872.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Carlos Mejilla–Hernandez appeals his sentence imposed following his guilty plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under

to illegal reentry after deportation. He was sentenced to 29 months of imprisonment and three years of supervised release. He argues that, in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), his sentence is invalid because the district court applied the sentencing guidelines as if they were mandatory. Because Mejilla–Hernandez did not raise this issue in the district court, we review it only for plain error. *United States v. Mares,* 402 F.3d 511, 513, 520–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005); *United States v. Malveaux,* 411 F.3d 558, 559 n. 9 (5th Cir.2005).

As Mejilla–Hernandez concedes, he is unable to establish plain error with regard to his *Booker* claim because he cannot establish that being sentenced under a mandatory guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the guidelines were advisory only. *See Mares,* 402 F.3d at 520–22; *Valenzuela–Quevedo,* 407 F.3d at 733–34.

Mejilla–Hernandez also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Shepard v. United States,* —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). This issue is foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

the limited circumstances set forth in 5TH CIR.

Accordingly, the judgment of the district court is AFFIRMED.